IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffery Dru Kies, by                                              Case No. 3:07CV1258
     Mary Kies, his Guardian,

       Plaintiff,

     v.                                                            ORDER

City of Lima, Ohio, et al.,

       Defendants.


This is a suit by the mother and legal guardian of a mentally retarded individual in which plaintiff claims that officers of the Lima Police Department used excessive force in apprehending her ward.

Approximately six years before this incident, Jeffery Dru Kies (Kies) suffered permanent brain damage rendering him legally incompetent. Defendant officers Kelly Ricker and A.C. Green arrested Kies on April 20, 2006.

Kies brings this action against the defendants pursuant to 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; Ohio state law; and the Ohio Constitution. Jurisdiction over the federal statutory and constitutional claims arises under 28 U.S.C. § 1343 and 28 U.S.C. § 1343(a)(3)-(4). Jurisdiction over the state law claims arises under 28 U.S.C. § 1367(a).

1

Pending is defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff's fifth claim, which purports to assert a cause of action under the Ohio Constitution. [Doc. 9].[1]

## Background

On the evening of April 29, 2006, Kies went to the Northside Firehouse Bar to socialize with friends. Kies made arrangements to call his mother, Mary Kies, when he was ready for her to pick him up from the bar. Shortly before 1:30 a.m. on April 30, 2006, Kies called his mother, who told him to wait outside for her to arrive. While waiting for his mother, Kies stood on a bench seat in the enclosed, outside patio area on the front sidewalk. As he waited, Kies peered over the nearby privacy fence for several minutes.

Officers Green and Ricker, driving by in a police cruiser, spotted Kies and shone their alley light on him. Kies asked the officers to stop shining the light in his face. The officers then turned off the alley light, went through the bar and entered the enclosed patio area. They ordered Kies to step down from the bench and proceeded to severely beat him, eventually rendering him unconscious. The officers then handcuffed Kies and placed him in the police cruiser. Kies was hospitalized due to injuries sustained during the arrest.

## Discussion

The defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), dismissal of a claim is only proper if the plaintiff fails to plead in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,    U.S.   , 127 S. Ct. 1955, 1974 (2007) (*quoted*

---

[1]

Defendants filed their Motion to Dismiss Plaintiff's Fifth and Seventh Claims on August 24, 2007. Plaintiff withdrew the seventh claim, a claim under Ohio. Rev. Code § 2307.60, and filed their First Amended Complaint on October 15, 2007.

*in United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007)). In other words, dismissal is appropriate where a plaintiff fails to plead "either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). When considering a Rule 12(b)(6) motion, "[t]he facts set forth in the complaint must be accepted as true, so long as they are well pleaded." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 671 (6th Cir. 2003) (citing *Hoffman v. Comshare, Inc.*, 183 F.3d 542, 547 (6th Cir. 1999)). Finally, a district court must view the complaint in the light most favorable to the plaintiff. *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

The defendants' Rule 12(b)(6) motion to dismiss pertains solely to Kies's fifth claim – that defendants violated his rights under the Ohio Constitution. Though he does not say so explicitly, Kies appears to rely on Art. I, § 14 of the Ohio Constitution, which states:

> The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized.

The issue presented here is whether § 14 confers a private right of action.

In *Provens v. Stark County Bd. of Mental Retardation & Developmental Disabilities*, 64 Ohio St. 3d 252 (Ohio 1992), the Ohio Supreme Court considered whether a private cause of action arises under Art. I, § 11 of the Ohio Constitution.[2] In *Provens*, the plaintiff, a teacher, alleged, *inter alia*, that her employer, the Stark County Board of Mental Retardation & Developmental

---

[2]

Section 11 provides, in pertinent part: "Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press."

3

Disabilities, violated her rights under § 11 when the Board and its supervisors harassed, discriminated, and disciplined her because: 1) she criticized the Board's operations and practices; and 2) she filed discrimination charges against the Board with the Ohio Civil Rights Commission and Equal Opportunity Commission. *Id.* at 252.

The Court first determined that: 1) § 11 does not provide for a private cause of action; 2) the General Assembly has not authorized a private cause of action under § 11; and 3) it had not established a common law cause of action under § 11. *Id.* at 255.

Turning to the question of whether it should create a private cause of action, the Court in *Provens* pointed out that "[t]he United States Supreme Court has generally exercised extreme caution in reviewing cases asserting a 'constitutional tort' theory cause of action." *Id.* at 256. Adopting this approach, the Court acknowledged that, although it has the power to create private remedies under the Ohio Constitution, it would "refrain from doing so where other statutory provisions and administrative procedures provide meaningful remedies." *Id.* at 255. The Court further noted that even where these alternative remedies are "less than complete," this alone is "not sufficient to warrant the recognition of a cause of action for damages arising from a constitutional violation." *Id.* at 260 (citing *Bush v. Lucas*, 462 U.S. 367, 388 (1983)).

In light of these considerations, the Court in *Provens* declined to create a private cause of action under § 11. *Id.* at 261.

Applying the *Provens* framework to this case, § 14 does not itself provide for a private cause of action.[3] Secondly, unlike 42 U.S.C. § 1983, which creates a private cause of action to remedy violations of the United States Constitution, the General Assembly has not authorized a private

---

[3] Like Art. I, § 11, this constitutional provision does not set forth an accompanying cause of action.

cause of action under § 14. Third, the Ohio Supreme Court has not recognized a private cause of action, or created a "constitutional tort," under § 14.

Kies points to a recent decision by colleague, District Judge Jack Zouhary, *Wilhelm v. Clemens*, 2006 WL 2619995 (N.D. Ohio Sept. 13, 2006), in which he held that the plaintiff could assert a private cause of action under § 14. He based his conclusion on a criminal case, *State v. Robinette*, 80 Ohio St. 3d 234 (1997), in which the Ohio Supreme Court held that § 14 is coextensive with the Fourth Amendment to the United States Constitution. *Id.* at 238.

The decision in *Robinette* related to the reach of the exclusionary rule under the Ohio Constitution: it did not address or decide whether a private cause of action arises when an officer violates § 14.

In *Burr v. Barns*, 2005 WL 1969532, *10 (S.D. Ohio Aug. 12, 2005), in contrast, Judge Edmund Sargus of the Southern District of Ohio concluded that no private cause of action arises under § 11 in light of the alternative remedies available under 42 U.S.C. § 1983 and state law provisions. As his opinion accords with my understanding of the issues in this case, I reach the same result reached by Judge Sargus, and respectfully decline to follow the direction taken by my Northern District colleague.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT the motion of the defendants to dismiss the fifth claim of the plaintiff's complaint [Doc. 9] be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr

5

Chief Judge